UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BURGOS,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT,<br><br>   Defendant. | Case No. 16-cv-03908-DMR (PR)<br><br>**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE** |

Plaintiff, who is currently in custody at the Santa Clara County Jail, Elmwood Facility, has filed a *pro se* civil rights complaint for damages under 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* will be granted in a separate Order.

Plaintiff has consented to magistrate judge jurisdiction. Dkt. 4. Therefore, this matter has been assigned to the undersigned Magistrate Judge.

Plaintiff alleges that he is being "unlawfully detained because his constitutional right[] to a speedy trial has been violated and continues to be violated. Dkt. 1 at 3. He seeks monetary damages for the violation of his constitutional right to a speedy trial. *Id.*

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff seeks damages for the violation of his constitutional right to a speedy trial, a violation which, if proven, would require dismissal of the charges against him. *See McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. *See id.* at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process—that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id*. at 389-90. The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction—for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a section 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires

1 dismissal; otherwise, the case may proceed. *Id*. at 394.

2     Here, Plaintiff seeks damages for the violation of his constitutional right to a speedy trial,
3 but Plaintiff has not alleged that he has been convicted. Accordingly, the Court will stay further
4 proceedings in this matter until Plaintiff's criminal proceedings have concluded.

5     For the foregoing reasons, this action is hereby STAYED, as directed below.

## CONCLUSION

7     For the foregoing reasons, this action is **STAYED**. Within **twenty-eight (28) days** of the
8 date on which he is acquitted, convicted, or charges are dismissed, Plaintiff must file a motion to
9 lift the stay. If Plaintiff is convicted and if the claim would impugn that conviction, the action will
10 be dismissed; otherwise, his claim may then proceed. In light of the stay, Plaintiff should not file
11 any more documents in this action until the state court proceedings have concluded. The Clerk of
12 the Court shall ADMINISTRATIVELY CLOSE the case.

13     IT IS SO ORDERED.

14 Dated: November 8, 2016

                              DONNA M. RYU
                              United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO BURGOS,

    Plaintiff,

v.

SUPERIOR COURT OF SANTA CLARA COUNTY,

    Defendant.

Case No.  4:16-cv-03908-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco  Burgos
DWB539
701 S. Abel Street
Milpitas, CA 95035

Dated: November 8, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

4