UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BURGOS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>    Defendant. | Case No. 16-cv-03908-DMR (PR)<br><br>**ORDER LIFTING STAY AND DISMISSING ACTION** |

In July 2016, Plaintiff filed the instant *pro se* civil rights complaint for damages under 42 U.S.C. § 1983, in which he sought monetary damages for the alleged violation of his constitutional right to a speedy trial. Dkt. 1 at 3. Plaintiff consented to magistrate judge jurisdiction. Dkt. 4. Therefore, this matter was assigned to the undersigned Magistrate Judge.

Upon initial review, the court stayed this action due to the pendency of the criminal case against Plaintiff. Dkt. 6. The court explained the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), i.e., if success in the section 1983 action would necessarily demonstrate the invalidity of a conviction, the section 1983 action is barred unless the conviction already been determined to be invalid. Dkt. 6 at 2-3. The court further explained as follows:

> If a plaintiff files a section 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)). The court then applied these rules to Plaintiff's section 1983 action, stating: "Here, Plaintiff seeks damages for the violation of his constitutional right to a speedy trial, but Plaintiff has not alleged that he has been convicted. Accordingly, the court will stay further proceedings in this matter until Plaintiff's criminal proceedings have concluded." *Id.* at 3.

Plaintiff has since filed a letter to the court, which will be construed as his motion to lift the stay. Dkt. 9. Plaintiff reports that he has been convicted in state court, and now would like to go forward with this action. *See id.* at 1.

However, while the stay can be lifted, the court explains below that Plaintiff cannot go forward with this action. Instead, his conviction requires that this action be dismissed. *Wallace v. Kato* explained that a stay is appropriate while a criminal case is pending, and also explained what happens at the conclusion of that criminal case: "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace v. Kato*, 549 U.S. at 394. Here, the *Heck* rule applies for the reasons stated in the order staying the case. *See* Dkt. 6 at 2-3. A stay was appropriate while Plaintiff's criminal case was pending, but now that a conviction has occurred, the *Heck* rule requires that this action be dismissed. Plaintiff must have his conviction overturned (e.g., on direct appeal, or in state or federal habeas proceedings) before he may file a section 1983 action asserting a violation of his constitutional right to a speedy trial.

For the foregoing reasons, Plaintiff's motion to lift the stay is GRANTED. Dkt. 9. The stay is now lifted. However, the *Heck* rule bars Plaintiff's section 1983 claim because success on the claim would call into question the validity of his state court judgment of conviction, and that conviction has not yet been set aside. Therefore, the action must be dismissed.

If Plaintiff wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Such a petition should not be filed until he first exhausts state judicial remedies as to any claim he wishes to present in a federal petition for writ of habeas corpus.

2

1 For the foregoing reasons, this action is DISMISSED.[1] The dismissal is without prejudice to Plaintiff filing a new section 1983 action for damages if his state court conviction is overturned or set aside.

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated: June 5, 2017

_____
DONNA M. RYU
United States Magistrate Judge

---

[1] As mentioned above, Plaintiff has consented to magistrate judge jurisdiction. The undersigned Magistrate Judge, then, has jurisdiction to dismiss this action, even though Defendants have not been served or consented to magistrate jurisdiction. *Cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BURGOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>　　　　　Defendant. | Case No. 4:16-cv-03908-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Burgos
DWB539
701 S. Abel Street
Milpitas, CA 95035

Dated: June 5, 2017

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Ivy Lerma Garcia, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable DONNA M. RYU